IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:21CR3028 |
| vs. | |
| JOSE O. MAES, | **ORDER** |
| Defendant. | |

Defendant is charged with knowingly and intentionally engaging in a conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. ([Filing No. 37](#)). He now moves to either transfer this case to the United States District Court for the Southern District of Iowa or, in the alternative, to dismiss the case for improper venue. ([Filing No. 65](#)). Defendant argues "there is no evidence that the Defendant agreed to be part of any drug conspiracy in Nebraska nor is there any illegal act committed by the Defendant which occurred in Nebraska. Any criminal act that the Defendant may have committed – at best – occurred in Iowa." ([Filing No. 65, at CM/ECF p. 2](#), ¶ 5). For the reasons discussed below, the defendant's motion will be denied.

ANALYSIS

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed. . . ." [U.S. Const. amend. VI](#). Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial

within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice. Fed. R. Crim. P. 18. Except as otherwise expressly provided by statute, "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C.A. § 3237(a).

The indictment against Defendant alleges a drug distribution conspiracy. Specifically, the indictment states:

> Beginning on or about June 1, 2020, and continuing to on or about February 12, 2021, in the District of Nebraska and elsewhere, Defendant JOSE O. MAES did knowingly and intentionally combine, conspire, confederate, and agree with other persons to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 84l(a)(l) and 84l(b)(l).

(Filing No. 37).

Defendant claims the District of Nebraska cannot be the proper venue for pursuing the pending charges against him because any illegal act he committed (if any) occurred in Iowa, any agreement (if any) to conspire with others to distribute methamphetamine was made in Iowa, and there is no evidence that Defendant agreed to be part of any drug conspiracy in Nebraska. As such, he claims the case must either be dismissed or transferred to the United States District Court for the Southern District of Iowa.

In conspiracy cases, venue is proper "in any jurisdiction in which an overt act in furtherance of the conspiracy was committed by any of the conspirators."

United States v. Romero, 150 F.3d 821, 824 (8th Cir. 1998). Venue may lie in a Nebraska federal court if any overt act in furtherance of a conspiracy was committed in Nebraska, even if the defendant did not know the alleged co-conspirators in Nebraska, had no direct involvement or connection with anyone in Nebraska, was unaware of distribution activities in Nebraska, (Id.), and was never physically present in Nebraska. United States v. Hull, 419 F.3d 762, 768 (8th Cir. 2005) ("In a conspiracy case, venue is proper in any district in which any act in furtherance of the conspiracy was committed by any of the conspirators even though some of them were never physically present there.").

Venue is determined "from the nature of the crime alleged and the location of the act or acts constituting it." United States v. Anderson, 328 U.S. 699, 703 (1946). See also, United States v. Mink, 9 F.4th 590 (8th Cir. 2021), reh'g denied (Sept. 29, 2021), cert. denied, 142 S. Ct. 1166 (February 22, 2022). The location of the crime is determined from the nature of the crime alleged and the location of the acts supporting the essential conduct elements of the crime. Mink, 9 F.4th at 601. "Venue ordinarily is a question of fact for the jury and must be instructed upon if in issue." Id. at 602 (citing United States v. Jaber, 509 F.3d 463, 466 (8th Cir. 2007). The government bears the burden of proving venue by a preponderance of the evidence. Id. (citing United States v. Morrissey, 895 F.3d 541, 550 (8th Cir. 2018)).

Here, a Nebraska grand jury found Maes was engaged in a conspiracy in the District of Nebraska. This allegation supports venue in Nebraska. While Defendant claims there is no evidence to support the allegation, a court cannot dismiss a facially valid indictment based on a pre-trial determination that the government's evidence is insufficient.

> If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand

3

> jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. This is not required by the Fifth Amendment. An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more.

Costello v. U.S., 350 U.S. 359, 363 (1956).

An indictment alleges proper venue if, on its face, it alleges facts which, if proven, would sustain venue in the district alleged. United States v. Hardaway, 999 F.3d 1127, 1130 (8th Cir. 2021), cert. denied, 142 S. Ct. 1169 (U.S. Feb. 22, 2022). The indictment against Maes alleges the defendant engaged in the conspiracy in the "District of Nebraska and elsewhere. . .." (Filing No. 37). To go beyond the face of the indictment and challenge the sufficiency of the government's evidence on venue, Defendant must proceed to trial and put the government to its burden of proof. United States v. Hardaway, 999 F.3d 1127, 1130 (8th Cir. 2021), cert. denied, 142 S. Ct. 1169 (U.S. Feb. 22, 2022). Where, as here, venue appears proper on the face of the indictment, the government must prove venue at trial, not in response to a pretrial motion to dismiss or transfer venue.

Accordingly,

IT IS ORDERED that Defendant's motion to dismiss for improper venue or to transfer venue, (Filing No. 65), is denied.

March 28, 2022.                                BY THE COURT:

                                               *s/ Cheryl R. Zwart*
                                               United States Magistrate Judge