IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>JOSE O. MAES,<br><br>　　　　　　Defendant. | 4:21-CR-3028<br><br>TENTATIVE FINDINGS |

　　　　The Court has received the revised presentence investigation report and addendum in this case. The defendant has objected to the presentence report (filing 147) and has moved for a departure or variance (filing 145).

　　　　IT IS ORDERED:

1.　　The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

　　　(a)　　give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

　　　(b)　　resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

  (c) impose upon the United States the burden of proof on all Guidelines enhancements;

  (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

  (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

  (f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has objected to the presentence report (filing 147) and has moved for a departure or variance (filing 145).

(a) The defendant has objected to the presentence report, arguing that the two-level enhancement to the offense conduct for using of threatening to use violence, provided by U.S.S.G. § 2D1.1(b)(2), should not be applied in this case. Filing 147. Specifically, the defendant argues that there is insufficient evidence to support the enhancement on two grounds. First, the defendant disputes that threats were made at all, and second, the defendant argues that the alleged conduct does not amount to a credible threat. Filing 148 at 2.

Under § 2D1.1(b)(2), a defendant's offense level increases by two levels if a defendant "made a credible threat to use violence." The "enhancement may be applied even where the threatened violence is not ultimately

- 2 -

carried out." *United States v. Guzman,* 926 F.3d 991, 1002 (8th Cir. 2019).

When the defendant objects, it is the government's burden to prove the applicability of an enhancement by a preponderance of the evidence. *See Guzman,* 926 F.3d at 1000. The Court will determine whether any threats were made and whether they were credible. *Id.; see also United States v. Sykes*, 854 F.3d 457, 461 (8th Cir. 2017).

The Court will resolve this issue at sentencing.

(b) The defendant also requests a downward variance based on this Court's decision in *United States v. Havel*, No. 4:21-cr-3075, 2023 WL 1930686 (D. Neb. Feb. 10, 2023). Filing 146 at 2. The defendant argues that the base offense level should be calculated using the guideline range for methamphetamine-mixture rather than actual methamphetamine based on the rationale in *Havel*. The government argues that the facts in this case justify the guideline range for methamphetamine (actual).

The government acknowledges the Court's discretion to categorically reject a guideline based solely on policy considerations. Filing 149 at 4; *United States v. Havel*, No. 4:21-CR-3075, 2023 WL 2089227, at *1 (D. Neb. Feb. 17, 2023). The government points out that while the Court can vary from the guidelines range on policy grounds, it's not required to do so. Filing 149 at 4-5. Of course, that's true (to a point). *See, e.g., Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022); *United States v. Moore*, 835 F. App'x 172 (8th Cir. 2021); *United States v. Sharkey*, 895 F.3d 1077, 1082 (8th Cir. 2018). But the point at which the Court is required to vary based on a disagreement with the guidelines is the point

at which the Court has actually decided that it has a principled disagreement with the guidelines, based on the Court's experience in this district. And at that point, the Court's responsibility is to apply the § 3553(a) factors and impose an appropriate sentence—and to publicly explain the basis for the sentence. *See* § 3553(b); *Rita v. United States*, 551 U.S. 338, 356-57 (2007).

That obligation, to honestly articulate the basis for the sentence imposed, is why the Court rejects the government's suggestion that instead of categorically varying from the guidelines, the Court should merely incorporate "its disagreement with the Guidelines treatment of methamphetamine" with other statutory sentencing considerations to determine an appropriate sentence. Filing 149 at 4. The policy considerations the Court discussed in *Havel* aren't going to change from case to case. And in *Spears*, the Supreme Court expressly rejected that type of sleight-of-hand reasoning. 555 U.S. at 266; see also *Havel*, 2023 WL 2089227, at *2.

The government argues that the facts in this case, and the characteristics and conduct of the defendant, justify the imposition of the 10-to-1 sentencing difference for methamphetamine (actual). Filing 149 at 7. The government frames the issue as one of "leniency," which it says the defendant in this case should not be afforded. *Id*. But the characteristics and conduct of the defendant have already been accounted for through the various sentencing enhancements. The government's suggestion for how the Court should handle its disagreement with the guidelines amounts to continuing to use

methamphetamine (actual) as a proxy for the defendant's culpability—a proxy which the Court has already rejected.

Here, as the Court has explained, it has a categorical policy disagreement with § 2D1.1(c). *See Havel*, 2023 WL 1930686, at *4-6. The Court will not pretend that disagreement is an individualized determination based on the character or conduct of a particular defendant. The government would undoubtedly prefer that the Court continue to rely on an artificially inflated guidelines range and shift the onus to defendants to argue their way downwards from there, instead of having to demonstrate on the facts of each case why a higher sentence is warranted. But for all the reasons the Court has explained, the presumption of culpability associated with methamphetamine (actual) is simply unjustified.[1]

The government also argues that this Court should not vary downward because the sentencing range is the same for both methamphetamine (actual) and methamphetamine mixture offense level calculations. Filing

---

[1] In fact, the government seems to have given up on finding an empirical basis for the 10:1 actual/mixture ratio, instead suggesting that the 10:1 ratio is no more or less empirically based than the manner in which the Guidelines treat other drugs. Filing 149 at 3-4. That's an interesting argument, because some other judges have concluded—for essentially that reason—that § 2D1.1(a) is generally unsupported. *See, e.g.*, *United States v. Hayes*, 948 F. Supp. 2d 1009 (N.D. Iowa 2013); *United States v. Diaz*, No. 11-CR-821, 2013 WL 322243 (E.D.N.Y. Jan. 28, 2013); *United States v. Woody*, No. 8:09-CR-382, 2010 WL 2884918 (D. Neb. July 20, 2010). This Court is not going to go there—however, the government should exercise care in what it asks for.

149 at 6-7. But the defendant's pending objection to a two-level enhancement makes this variance consequential.

Accordingly, the Court will begin by determining the sentencing guidelines range—as it's required to do—by reference to the base offense level dictated by the guidelines as written. *See Gall v. United States*, 552 U.S. 38, 50 (2007). But by way of variance, the Court will follow that with a recalculation of the guidelines range based on the total weight of methamphetamine and the guidelines for a methamphetamine mixture—including, of course, any upward or downward adjustments warranted by the case. In the absence of methamphetamine purity as a useful proxy for culpability, the Court will be particularly mindful of the adjustments for the defendant's role in the offense. *See* U.S.S.G. § 3B1.1 et seq. And then, the Court will consider all of the § 3553(a) factors to make an individualized assessment of the case based on the facts presented. *See Gall*, 552 U.S. at 50. As a practical matter, any recalculation, when combined with (upward or downward) adjustments warranted by this case, may make little difference in the Court's ultimate sentence when it considers all of the § 3553(a) factors.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon

      opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 9th day of March, 2023.

                                  BY THE COURT:

                                  */s/ John M. Gerrard*
                                  John M. Gerrard
                                  Senior United States District Judge