IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:21-CR-3028 |
| vs. | ORDER |
| JOSE O. MAES, | |
| Defendant. | |

This matter is before the Court on the defendant's motion to extend the limitation period for filing a motion pursuant to 28 U.S.C. § 2255 (filing 187). The Court will deny the motion because it is premature, but will do so without prejudice to the defendant reasserting a request for an extension should it become necessary for him to do so.

A § 2255 motion must generally be filed within 1 year from "the date on which the judgment of conviction becomes final." § 2255(f)(1). The Court entered its judgment of conviction (filing 169) on March 22, 2023, and the defendant appealed, but the Eighth Circuit entered a judgment affirming the conviction on February 28, 2024. Filing 185. The defendant did not petition for certiorari, so the one-year limitation period started to run on May 28, when the time for seeking such review expired. *See Clay v. United States*, 537 U.S. 522, 532 (2003); *United States v. Martin*, 408 F.3d 1089, 1090 (8th Cir. 2005); U.S. Sup. Ct. R. 13 (petition for writ of certiorari to review judgment of U.S. Court of Appeals timely when filed within 90 days of the judgment). That means the 1-year limitations period from the final judgment elapsed on May 28, 2025.

But that isn't the only way in which the 1-year period of limitation can be calculated. The limitation period runs from the *latest* of

**(1)** the date on which the judgment of conviction becomes final;

**(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

**(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f) (emphasis in original). So, if the defendant's § 2255 motion were to be impeded by an unconstitutional or unlawful government action, or based on a newly-recognized constitutional right, or supported by facts that could not have been discovered until after the judgment of conviction became final, then it is possible that the motion *might* be timely even after May 28, 2025. But the Court cannot make that determination without knowing the basis of the defendant's § 2255 motion.

Furthermore, when *extraordinary circumstances beyond a petitioner's control* prevent a timely filing, equitable tolling of the 1-year limitation period may be appropriate. *Byers v. United States*, 561 F.3d 832, 835-37 (8th Cir. 2009); *E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006). But that is "an exceedingly narrow window of relief" and requires proof that the petitioner has been pursuing his rights diligently and some extraordinary circumstances stood in his way. *Deroo v. United States*, 709 F.3d 1242, 1246 (8th Cir. 2013). The defendant explains that he had difficulty accessing his

- 2 -

paperwork and was on lockdown while incarcerated, making it difficult to work on his motion. Filing 187. Such circumstances *might* be found to warrant equitable tolling. *See Soloman v. United States*, 467 F.3d 928, 933-35 (6th Cir. 2006). On the other hand, they might not. *See United States v. Cooper*, 891 F. Supp. 2d 1071, 1075-76 (D. Neb. 2012); *Mathison v. United States*, 648 F. Supp. 2d 106, 112 (D.D.C. 2009); *cf. Anjulo-Lopez v. United States*, 541 F.3d 814, 817-18 (8th Cir. 2008). And again, it is impossible to tell at this point, because until the defendant's hypothetical motion is actually filed, the Court cannot determine whether it was diligently pursued. *See Deroo*, 709 F.3d at 1246.

To summarize: a motion filed after May 28, 2025 *might* nonetheless still be timely (and the Court emphasizes *might*). But the Court cannot make that determination in advance based on incomplete facts. So, the Court must deny the defendant's premature request for an extension of the 1-year period of limitation. But the Court will do so without prejudice: if the defendant files a § 2255 motion, he can argue at that time why the Court should extend the 1-year period of limitation. But at this point,

> IT IS ORDERED that the defendant's motion to extend (filing 187)
> is denied without prejudice.

Dated this 10th day of June, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge